

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 02 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELISSA NELSON, on behalf
of herself and those similarly
situated,

        Plaintiff,        CASE NO.:

vs.

CAFE CIRCA, LLC, a Domestic
Limited Liability Company,
and MYUNG J. HAN,
Individually,
        Defendants.    /

**1:17-CV-0766**

## COLLECTIVE ACTION COMPLAINT & JURY DEMAND

Plaintiff, MELISSA NELSON ("Plaintiffs"), on behalf of herself and those similarly situated, sues the Defendants, CAFE CIRCA, LLC, a Domestic Limited Liability Company, and MYUNG J. HAN, individually (hereinafter "Defendants"), for failing to pay minimum wages and overtime to all servers and bartenders (hereinafter "servers" or "class members") who worked for Defendants within the last three years, pursuant to 29 U.S.C. § 201, et al. (hereinafter the "FLSA").

## Nature of Case

1. This is an action by the Plaintiff against her former employer for failing to pay her minimum wages and unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA") as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. In an effort to reduce labor costs, Defendants, orchestrated a common policy and practice of forcing servers to pay for their uniforms and other items improperly. Defendants' illegal practices have cost their servers potentially millions of dollars of compensation and related damages.

3. Defendants violated the FLSA by failing to pay class members that were employed in Georgia at any time within the past three (3) years (2014-2017) overtime premiums for all hours worked over forty pursuant to the FLSA.

4. In addition, Defendants violated the FLSA by failing to properly pay class members that were employed by Defendants within the past three (3) years (2014-2017) proper minimum wages pursuant to FLSA.

5. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## Jurisdiction & Venue

6. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the FLSA complained of took place in Fulton County, Georgia.

## Parties

8. Plaintiff and class members were hourly paid servers who worked for Defendants within the last three (3) years.

9. Plaintiff, Melissa Nelson, worked for Defendants as a bartender from August 15, 2015 through November 26, 2016 and a cook from May, 2016 through November 26, 2016 in Fulton County.

10. The proposed class members worked for Defendants at their restaurant in Georgia as servers and bartenders.

11. Plaintiffs and the proposed class members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **(1) All servers and bartenders who worked for Defendants within the three (3) years preceding this lawsuit.**
>
> **(2) All hourly paid employees who worked for Defendants within the last three (3) years preceding this lawsuit.**

The precise size and the identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

12. Defendants' principal business where the issues which are the subject matter complained of took place is located Atlanta, Georgia, and is therefore within the jurisdiction of this Court.

13. Defendant, Café Circa, is a restaurant/café that provides food and beverage to its customers and has done so for over nine (9) years.

4

14. Defendant, MYUNG J. HAN, is an individual resident of the state of Georgia who, upon information and belief, resides in Atlanta, Fulton County, Georgia.

## General Factual Allegations

15. Plaintiff worked as a bartender and cook for Defendants.

16. Plaintiff worked for Defendants as a bartender from August 15, 2015 to November 26, 2016.

17. Plaintiff worked for Defendants as a cook from approximately May, 2016 to November 26, 2016.

18. Defendants attempted to pay its servers pursuant to a "tip credit" method.

19. Defendants did not pay Plaintiff an hourly wage in exchange for work performed as a server or bartender.

20. Defendant did not pay any servers or bartenders an hourly wage in exchange for worked performed as a server or bartender.

21. Servers and bartenders only receive tips.

22. Plaintiff was paid an hourly rate of eighteen and 00/100 dollars ($18.00) in exchange for work performed as a cook.

23. Plaintiff and the hourly paid employees were paid "straight time" compensation in exchange for overtime hours worked.

24. In other words, Defendants did not pay Plaintiff and the other hourly paid employees any overtime premium when they worked more than forty (40) hours per week.

25. Plaintiff and the class members routinely worked in excess of forty (40) hours per week as part of their regular job duties.

26. Plaintiff worked approximately forty-five (45) hours per week while working as a bartender; and fifty-five (55) hours per week when she worked as both a bartender and a cook.

27. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiffs overtime compensation at a rate of no less than time and one half their regular rate of pay for the hours worked over forty in a workweek.

28. Plaintiff and the class members were also not paid proper minimum wage for all hours worked.

29. Pursuant to FLSA, Plaintiff and class members were entitled to receive at least two dollars and 13/00 ($2.13) per hour in exchange for work performed.

30. Plaintiff and the class members routinely clocked in when their shift began and clocked out when their shift ended, but never received a pay check.

31. Plaintiff and the class members were also responsible to purchase their own uniforms.

32. Specifically, Plaintiff purchased a shirt from Defendants for ten dollars ($10.00).

33. In addition, Plaintiff also purchased a dress from Defendants for forty-five ($45.00).

34. An employer may not deduct a charge for a uniform from its employees who only earns tips.

35. For these reasons, Defendants violated the terms of the tip-credit and the FLSA's provision on minimum wages.

36. As a result of these common policies, Plaintiff and each similarly situated server is entitled to receive repayment of the tip credit

for each hour worked as a result of being improperly deducted from their wages.

37. During their employment, one or more of the Plaintiffs complained about the illegal practices described above to management, but it took no action to stop the illegal practices.

38. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who suffered from the same pay practice of being improperly paid the tipped minimum wage and overtime.

39. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated servers are in the possession and custody of Defendants.

## COVERAGE

40. At all material times during the last three years (2014-2017), Defendant, CAFE CIRCA, LLC, was an enterprise subject to the FLSA provision on minimum wages.

41. At all material times during the last three years (2014-20174), Defendant, CAFE CIRCA, LLC, was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

42. Defendants' employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in commerce on a daily basis during the last three years (2014-2017).

43. At all material times during the last three years (2014-2017), Defendants have had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

44. Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendants as a result of her use of credit card machines and other restaurant equipment which transmitted communications in interstate commerce.

## Collective Factual Allegations

45. Class members are treated equally by Defendant.

46. Defendants subjected class members to the same illegal practice and policy by failing to pay its hourly paid employees proper overtime premiums.

47. Defendants also subjected class members to the same illegal practice and policy by forcing the Class Members to pay for uniforms.

48. Defendants pay class members in the same manner.

49. Plaintiff and all class members worked in the State of Georgia.

50. Plaintiff and all class members in the State of Georgia were not guaranteed at least the full minimum wage for all hours worked.

51. Plaintiff and all class members were improperly paid the tipped minimum wage per hour.

52. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c)

53. Defendant's failure to keep accurate time and pay records casts the burden on Defendant to disprove the testimony of Plaintiff and all class members regarding the illegal deductions which they were required to pay.

54. Plaintiff have hired the undersigned law firms to represent them in this matter and are obligated to pay them reasonable fees and costs if they prevail.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
### (Unpaid Minimum Wages)

55. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 54 as if incorporated herein.

56. Defendants failed to pay Plaintiff and the class members full and proper minimum wage.

57. Defendants have a policy and practice of forcing their servers to pay for uniforms.

58. Such a policy and practice violates the FLSA's tip credit provisions.

59. Defendants' failure to pay Plaintiff and other servers the full minimum wage is a violation of 29 U.S.C. § 206.

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Plaintiffs demand a trial by jury.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
## (Unpaid Overtime Wages)

62. Plaintiff reincorporates and readopt all allegations contained within Paragraphs 1 - 54 above as though fully stated herein.

63. Plaintiff and class members are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

64. During their employment with Defendants, Plaintiff and the hourly paid employees regularly worked overtime hours but was not paid time and one half compensation for the same.

65. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and the class members time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages.

66. Defendants did not maintain and keep accurate time records regarding the overtime hours as required by the FLSA.

67. Also, Defendants failed to post required FLSA informational listings as required by law.

68. As a result of Defendants' willful violation of the FLSA, Plaintiff and the class members are entitled to liquidated damages.

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 54 above as though fully stated herein.

70. Plaintiff and Defendants have a pending dispute under the Fair Labor Standards Act, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331.

71. The Court also has jurisdiction to hear Plaintiff's request for

declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

72. Plaintiff may obtain declaratory relief.

73. Defendants employed Plaintiff and those similarly situated employees as servers.

74. Defendants failed to pay Plaintiff and the servers and bartenders full minimum wage.

75. Defendants deducted the tip credit from Plaintiff pay while requiring Plaintiff and other servers and bartenders to pay for uniforms.

76. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

77. Plaintiff is entitled to the full minimum wage pursuant to 29 U.S.C. § 206.

78. Defendants failed to pay Plaintiff and its hourly paid employees proper overtime wages.

79. Defendants did not rely upon a good faith defense in their

decision to make Plaintiff and other servers pay for uniforms.

80. Plaintiff and the class members are entitled to an equal amount of liquidated damages.

81. It is in the public interest to have these declarations of rights recorded as Defendants still employs hourly paid employees subject to the same policies at issue.

82. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

83. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

84. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MELISSA NELSON, on behalf of herself and those similarly situated employees, demand a declaration of rights finding all of the above allegations raised in this count to be true.

Plaintiff also demands a trial by jury.

Respectfully submitted this 2nd day of March, 2017.

                              **s/CARLOS V. LEACH**
                              Carlos V. Leach, Esq.
                              Georgia Bar No. 488443
                              MORGAN & MORGAN, P.A.
                              191 Peachtree Street NE,
                              P.O. Box 57007
                              Atlanta, GA 30303
                              Telephone:(404) 965-8811
                              Facsimile: (404) 965-8812
                              Email:    cleach@forthepeople.com