## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MELISSA NELSON, on behalf of herself and those similarly situated,** | |
| **Plaintiff,** | |
| **vs.** | **Case No.: 1:17-CV-00766-LMM** |
| **CAFE CIRCA, LLC., a Domestic Limited Liability Company,** | |
| **Defendant.** | |

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT & INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, MELISSA NELSON, on behalf of herself and others similarly situated, (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, hereby moves for the entry of a Final Default Judgment against Defendant, CAFE CIRCA, LLC, (hereinafter "Defendant"), and states as follows:

1.     On March 20, 2017, Plaintiff filed a Complaint against Defendants, CAFE CIRCA, LLC and Myung J. Han, for unpaid overtime compensation, minimum wages, declaratory relief, and other relief pursuant to the Fair Labor

Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.  *See* Doc. 1.

2.     On March 14, 2017, Plaintiff filed a Notice of Voluntary Dismissal of individual Defendant, Myung J. Han, which subsequently resulted in a Clerk's entry of dismissal of individual Defendant. *See* Doc. 9.

3.     On March 14, 2017, Plaintiff also filed an Amended Complaint only against Corporate Defendant, CAFE CIRCA, LLC. *See* Doc. 10.

4.     Pursuant to the affidavit of service executed on March 04, 2017, Defendant was served with a Summons and a copy of the Complaint.  *See* Doc. 11.

5.     Pursuant to Rule 12 of the Federal Rules of Civil Procedure, and in accordance with Eleventh Circuit precedent, Defendant was required to file, through counsel, a pleading in response to the Complaint within twenty one (21) days of being served.  Defendant's responsive pleading to the Complaint was due March 25, 2017.

6.     On May 19, 2017, Plaintiff filed a Motion for Entry of Clerk's Default against Defendant.  *See* Doc. 12.

7.     On May 19, 2017, Plaintiff's Motion for Entry of Clerk's Default against the Defendant resulted in the "Entry of Default."

8.     As of the filing of the instant Motion, Defendant has still failed to file any motion or pleading in response to the Complaint and have therefore failed to plead or otherwise defend this case as provided by the Federal Rules of Civil Procedure.  Accordingly, Plaintiff now files a Motion for a Default Final Judgment requesting a judgment in Plaintiff's favor and against the Defendant.

## MEMORANDUM OF LAW

## I.   DEFENDANT IS AN EMPLOYER COVERED & SUBJECT TO THE FAIR LABOR STANDARDS ACT

"A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *See Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (*citing Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).  Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, a plaintiff is only required to allege: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment.  Fed. R. Civ. P. (8)(a).  In the case of claims arising under the Fair Labor Standards Act ("FLSA"), the former Fifth Circuit Court of Appeals has held a statement that the defendants have the employees who are engaged in interstate commerce and who are paid less than the statutorily required minimum wage is sufficient to state a claim under the FLSA.

*See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).[1]  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the rules to disclose more precisely the basis of both the claim and defenses and to define more narrowly the disputed facts and issues." *Conley*, 335 U.S. at 41, 47-48.

The Eleventh Circuit Pattern Jury Instructions state that for a plaintiff to prevail on a claim for overtime compensation, the plaintiff must establish: (1) the plaintiff was employed by defendant during the time period involved; (2) plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods in commerce; (3) defendant failed to pay the proper overtime compensation as required by law.  *See*, Eleventh Circuit Pattern Jury Instructions – Civil 4.14 (2013).

In the instant case, Plaintiff's Complaint contains all of the allegations required to state a claim for overtime compensation under the FLSA.  Plaintiff identified the basis of the Court's jurisdiction - 28 U.S.C. §1331 and the FLSA, and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq. *See* Doc. 1, ¶¶ 6 –7.  Plaintiff alleges to have worked for Defendant

---

[1] All Fifth Circuit decisions prior to October 1, 1981 are binding precedent on the Eleventh Circuit.  *See Bonner v. Pritchard*, 661 F.2d 1206 (11th Cir. 1981).

within the last three (3) years and that Plaintiff worked overtime and was not being paid proper minimum wage for all hours worked. *See* Doc. 1, ¶¶ 14-33. Plaintiff alleges that Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(r) and 203 (s). *See* Doc. 1, ¶¶ 39 - 43. Plaintiff alleges that Defendant failed to pay Plaintiff overtime compensation for the overtime hours worked, and failed to pay Plaintiff proper minimum hourly wage in exchange for work performed, in violation of the FLSA. *See* Doc. 1, ¶¶ 14-33. After every Count of the Complaint, Plaintiff seeks relief, and demands judgment against the Defendant. Accordingly, the Complaint clearly states a claim under the FLSA and because this Court must deem the well-plead allegations of the Complaint as true, the Plaintiff has established each element of a claim under the FLSA.

## II.   THERE IS A SUFFICIENT FACTUAL & LEGAL BASIS SHOWN TO GRANT DEFAULT JUDGMENT

A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *See Nishimatsu Constr. Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).

There are two types of coverage under the FLSA – individual and enterprise coverage. To qualify for individual coverage, an employee must be "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

Likewise, for a business to be subject to enterprise coverage, the business must be "engaged in commerce or in the production of goods for commerce." *Id.* Plaintiff bears the burden of demonstrating coverage under either theory under the Act. *See Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264 (11th Cir.2006).

Plaintiff has alleged in the Complaint that at all material times relevant to this action (2014 – 2017), the Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).  Doc. 1, ¶¶ 39 - 43.

### A.   Enterprise Coverage

Pursuant to 29 U.S.C. § 203(s), "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that . . .

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 203(s)(1).

The FLSA is to be given a liberal construction.  Whether an employee is engaged "in commerce" within the meaning of the Act is determined by practical considerations, not by technical conceptions.  The test is whether the work is so

directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity. *Mitchell v. C. W. Vollmer & Co.*, 349 U.S. 427, 75 S. Ct. 860, 99 L.Ed. 1196.

Plaintiff has provided an Affidavit describing the claim and Defendant's business activities. *See* Plaintiff's Affidavit attached as **Exhibit "A".** Plaintiff has presented enough evidence to make a finding that the Defendant is a covered employer under the act.

### B.   <u>Plaintiff's Damages</u>

Plaintiff's Affidavit provides the amounts earned, the period of employment claimed and the amount of hours owed per week. *Id.* at ¶¶ 4-18. As Defendant has failed to participate in this case, Plaintiff's Affidavit is the best evidence of the hours worked.   Such approximations of hours worked by an employee are acceptable when there are no time records available. *See, Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946); *Reich v. Southern New England Telecom. Corp.,* 121 F.3d 58 (2d Cir. 1997).   "Inaccurate wage and hour information, however, is not always fatal to a claim for . . .  overtime compensation under the [FLSA]. Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute [29 U.S.C. §211(c)], imprecise evidence on quantum can

provide a 'sufficient basis' for damages." *Reeves v. International Tel. and Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980). "Under these circumstances, we have 'in effect ordered the fact finder to do the best she could in assessing damages.'" *Id.  See also, Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946).

Plaintiff's damages, inclusive of liquidated damages, were calculated based on the information provided in Plaintiff's Affidavit which is summarized below. *See* Plaintiff's Affidavit attached as **Exhibit "A"**.

Plaintiff's Damages (MELISSA NELSON):

**Dates of Employment: August 15, 2015 to November 26, 2016 (67 weeks)**

**While Employed Solely as Bartender/Server for Defendant – August 15, 2015 to May 2016 (37 weeks):**

Bartender/Server Rate of Pay: $7.25 per hour[2]

Bartender/Server Regular Hours: 40 hours per week

Bartender/Server OT Hours: 5

**Minimum Wages: $7.25 per hour * 40 hours per week * 37 weeks = $10,730.00**

**OT Damages: $7.25 per hour * 1.5 * 5 hours per week * 37 weeks = $2,012.80**

**While Employed as Both a Bartender/Server and a Cook for Defendant – May 2016 to November 26, 2016 (30 weeks):**

Bartender/Server Rate of Pay: $7.25 per hour[3]

Cook Rate of Pay: $18.00 per hour[4]

Bartender/Server Regular Hours: 40 hours per week

Cook OT Hours: 15 hours per week

**Minimum Wages: $7.25 per hour \* 40 hours per week \* 30 weeks = $8,700.00**

**OT Damages: $9.00 per hour \* 15 hours per week \* 30 weeks = $4,050.00**

**Actual Damages: $10,730.00 + $2,012.80 + $8,700.00 + $4,050.00 = $25,492.80**

**($50,985.60 including Liquidated Damages).**

Additionally, an employer who seeks to avoid liquidated damages as a result of violating the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See, Joiner v. City of Macon*, 814 F. 2d 1537 (11th Cir. 1987). In this case, Defendant, by virtue of having failed to respond to Plaintiff's Complaint, failed to meet its burden to oppose the imposition of liquidated damages.

---

[2] Defendant did not pay Plaintiff an hourly wage in exchange for her work performed as a server or bartender. *See* Doc 1, ¶ 19. Thus, Plaintiff is entitled to the full Federal minimum wage rate of $7.25 per hour for all hours worked as a bartender or server.

[3] Defendant did not pay Plaintiff an hourly wage in exchange for her work performed as a server or bartender. *See* Doc 1, ¶ 19. Thus, Plaintiff is entitled to the full Federal minimum wage rate of $7.25 per hour for all hours worked as a bartender or server.

C.   **Taxable Costs**

An additional element of Plaintiff's claims is the recovery of attorney's costs. Specifically, 29 U.S.C. § 216(b) authorizes an award of attorney's costs to the prevailing plaintiff in any proceedings to enforce the provisions of the FLSA. The Complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA.

The total costs sought by Plaintiff are Four Hundred Eighty-Five Dollars ($485.00) for the filing fee in this action and service of process charges for the Complaint.   *See* Affidavit of Carlos Leach and Costs Statement attached as **Exhibits "B-1" and "B-2"**, respectively.

WHEREFORE, Plaintiff respectfully requests the entry of a Final Default Judgment in Plaintiff's favor and against the Defendant in the total amount of Fifty-One Thousand, Four Hundred Seventy Dollars and Sixty Cents ($51,470.60).[5]

---

[4] Plaintiff was compensated straight time for all hours worked as a Cook for the Defendant, and was therefore not paid any overtime premium when she worked more than forty (40) hours per week. *See* Doc. 1, ¶¶ 23 – 24.
[5]   Total damages in the amount of $50,985.60 for Plaintiff, and costs in the amount of $485.00.

Dated this **11**th day of **July**, **2017**.

Respectfully submitted,

/s/ Carlos V. Leach
Carlos V. Leach, Esq.
GA Bar No.: 488443
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-8811
Fax:   (404) 965-8812
E-mail:   CLeach@forthepeople.com
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MELISSA NELSON, on behalf of herself and those similarly situated,** | |
| **Plaintiff,** | |
| **vs.** | **Case No.:  1:17-CV-00766-LMM** |
| **CAFE CIRCA, LLC., a Domestic Limited Liability Company,** | |
| **Defendant.** | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **11**<u>th</u> day of **July**, **2017**, I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non- CM/ECF participants:

Café Circa, LLC
464 Edgewood Ave.,
Atlanta, GA 30312

/s/ Carlos V. Leach
Carlos V. Leach, Esq.
GA Bar No.:  488443
**MORGAN & MORGAN, P.A.**
*Attorney for Plaintiff*