IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELISSA NELSON, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:17-CV-0766-LMM |
| CAFE CIRCA, LLC, | : |
| Defendant. | : |

## DEFAULT JUDGMENT

This case comes before the Court on Plaintiff's Motion for Default Judgment [13]. After a review of the record and due consideration, the Court enters the following Order and Judgment:

### I.   BACKGROUND[1]

Plaintiff worked solely as a bartender for Defendant from August 15, 2015, to May 2016. Defendant did not pay Plaintiff an hourly wage for her bartending work; instead, Plaintiff only received tips. Plaintiff worked approximately 45 hours per week while working solely as a bartender. Despite working more than 40 hours per week, Defendant failed to pay Plaintiff overtime compensation.

Plaintiff worked as both a bartender and a cook for Defendant from May 2016 to November 26, 2016. Plaintiff was paid $18.00 per hour in exchange for

---

[1] All of the facts in this section are taken from Plaintiff's Amended Complaint. Dkt. No. [10].

her work as a cook, but was not paid an hourly wage for her bartending work. During this time, Plaintiff worked approximately 55 hours per week. Despite working more than 40 hours per week, Defendant only paid Plaintiff "straight time" for overtime hours worked as a cook, rather than time and one-half Plaintiff's regular rate of pay.

On March 2, 2017, Plaintiff filed a Complaint seeking unpaid overtime compensation, minimum wages, declaratory relief, and other relief pursuant to the Fair Labor Standards Act ("FLSA"). Dkt. No. [1]. On March 14, 2017, Plaintiff filed an Amended Complaint. Dkt No. [10]. Defendants were served and never responded. Dkt. No. [13] ¶¶ 5-6. On May 19, 2017, Plaintiff moved for clerk's entry of default, which was granted. Dkt. No. [12]. On July 11, 2017, Plaintiff moved for default judgment. Dkt. No. [13].

## II. DISCUSSION

### a. Substantive Cause of Action

Upon review of Plaintiff's Complaint, Motion, and attached exhibits, the Court finds the Complaint is well-pleaded and states a *prima facie* case for minimum wage and overtime violations under the FLSA. See Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) ("Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive sufficient basis in the pleadings for the particular relief sought.") (emphasis in

original). See also Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (noting that a *prima facie* case for overtime liability can be demonstrated by showing: (1) the defendant employed the plaintiff; (2) the defendant is an enterprise engaged in interstate commerce; (3) the plaintiff worked over forty hours per week; and (4) the defendant did not pay the plaintiff all of the Plaintiff's overtime wages); Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008) (noting that the elements of a minimum wage claim are simply a failure to pay minimum wages to covered employees).

### b. Damages

The Court further finds that the record is sufficient for the Court to calculate appropriate damages. See Fed. R. Civ. P. 55 ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.").

First, Plaintiff attests that from August 15, 2015 through May 2016, or approximately 37 weeks, she worked for Defendant solely as a bartender/server. Dkt. No. [13-1] ¶ 5. Plaintiff attests that Defendant did not pay her an hourly wage during this time; instead, Plaintiff just received tips.[2] Id. ¶¶ 6-8. Plaintiff further testifies that she worked approximately 45 hours per week during this time. Id. ¶

---

[2] Though Plaintiff received tips, this cannot be counted towards her minimum wage because Defendant did not pay Plaintiff the cash wage required by 29 U.S.C. § 203(m)(1).

14. For her work during this time, Plaintiff is entitled to a minimum wage of $7.25 per hour for the forty hours of nonovertime work per week, which comes out to $10,730.00.[3] See Dkt. No. [13] at 8. Plaintiff is also entitled to time and one-half Plaintiff's standard wage of $7.25 per hour for the five hours of overtime work per week, which comes out to $2,011.88.[4] Id.

Next, Plaintiff attests that from May 2016 through November 26, 2016, or approximately 30 weeks, she worked for Defendant as both a bartender/server and a cook. Dkt. No. [13-1] ¶¶ 4, 9. Plaintiff testifies that she was paid $18 per hour for work performed as a cook under 40 hours per week. Id. ¶ 10. Plaintiff further testifies that Defendant paid her "straight time" compensation in exchange for overtime hours worked as a cook, instead of time and one-half. Id. ¶ 12. Plaintiff attests that she worked approximately 55 hours per week during this time. Id. ¶ 15. For her work during this time, Plaintiff is entitled to a minimum wage of $7.25 per hour for her up to forty hours of nonovertime work per week as a bartender, which comes out to $8,700.00.[5] See Dkt. No. [13] at 9. Plaintiff is also entitled to time and one-half Plaintiff's standard cook wage of $18 per hour

---

[3] $7.25 per hour * 40 hours per week * 37 weeks = $10,730.00.

[4] $7.25 per hour * 1.5 * 5 hours per week * 37 weeks = $2,011.88. (Plaintiff calculated $2,012.80, Dkt. No. [13] at 8.)

[5] $7.25 per hour * 40 hours per week * 30 weeks = $8,700.00.

for her up to 15 hours of overtime work per week as a cook, minus the $18 per hour Defendant paid her, which comes out to $4,050.00.[6] Id.

Once all the numbers are added up and liquidated damages are factored in,[7] Plaintiff is entitled to $50,983.76.[8] Id. Moreover, the FLSA allows for the recovery of attorney's costs. 29 U.S.C. § 216(b). Plaintiff's attorney attests that his firm incurred $485 in filing fees and service of process charges for the Complaint. Dkt. Nos. [13-2] and [13-3]. Thus, Plaintiff's total recovery is $51,468.76. See Dkt. No. [13] at 10.

Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED**.

---

[6] $9.00 per hour (obtained by multiplying Plaintiff's $18 per hour cook wage by 1.5 to get $27 per hour, then subtracting from that the $18 per hour Plaintiff attests Defendant paid her) * 15 hours per week * 30 weeks = $4,050.00. It appears from Plaintiff's calculations in footnotes 5 and 6 that Plaintiff is claiming that she worked 40 hours per week as a bartender and 15 hours per week as a cook during this time. Then, Plaintiff calculates all of her bartending hours as nonovertime and her cook hours as overtime. See Dkt. No. [13] at 9. While the standard approach uses the weighted average of the two pay rates to calculate overtime, see 29 C.F.R. § 778.115, an employee can agree with her employer to get paid overtime based on the pay rate of the work actually done during the overtime hours. See 29 C.F.R. § 778.419.

[7] Any employer who violates the minimum wage or overtime provisions of the FLSA is liable to the employee in the amount of unpaid wages or overtime "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "An employer who seeks to avoid [FLSA] liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987) (internal quotations removed). As Defendant is in default, Defendant has not met its burden, and thus will be assessed liquidated damages.

[8] $10,730.00 + $2,011.88 + $8,700.00 + $4,050.00 = $25,491.88 * 2 = $50,983.76.

### III. CONCLUSION

Plaintiff's Motion for Default Judgment [13] is **GRANTED**. It is therefore **ORDERED AND ADJUDGED** that Plaintiff Melissa Nelson recovers from Defendant Cafe Circa, LLC, as follows:

1. $25,491.88 representing unpaid minimum wage and overtime compensation from August 15, 2015, to November 26, 2016; plus
2. $25,491.88 representing liquidated damages pursuant to 29 U.S.C. § 216(b); plus
3. Attorneys' costs pursuant to 29 U.S.C. § 216(b) in the amount of $485.00 representing the filing fee in this action and service of process charges for the Complaint.

It is further **ORDERED AND ADJUDGED** that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in this Default Judgment as the interests of justice require the issuance of judgment as requested without further delay.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 15th day of August, 2017

*/s/ Leigh Martin May*
**Leigh Martin May**
**United States District Judge**